350 P.2d 993

**STATE of Arizona ex rel. Robert MORRISON, Attorney General, Appellant,**

v.

**Lillian M. WALL, a widow, and Margaret Hees, a single woman, Appellees.**

**No. 6784.**

Supreme Court of Arizona.

April 6, 1960.

Robert Morrison, Former Atty. Gen., Jack G. Marks, Sp. Asst. Atty. Gen., Wade Church, Present Atty. Gen., Leslie C. Hardy, Chief Asst. Atty. Gen., Charles L. Hardy, Sp. Asst. Gen., Jay Dushoff, Asst. Atty. Gen., for appellant.

Conner, Jones & Murphy, Tucson, for appellees.

PHELPS, Justice.

This is a proceeding instituted by the State of Arizona, plaintiff, to condemn for highway purposes certain land belonging to Lillian M. Wall, a widow, and Margaret Hees, a single woman, defendants. The interest of Margaret Hees in the property involved is as mortgagee, and she personally stipulated with counsel in open court that judgment may be entered against her, and that she would look to defendant Lillian M. Wall for payment of her mortgage out of any award that may be made. Therefore, she no longer is interested in these proceedings. Judgment was rendered and entered fixing the amount of damages therefor from which this appeal was taken.

The facts are that on March 8, 1957, defendant Lillian M. Wall owned a small tract of land on the northwest corner of the intersection of the Tucson-Benson Highway and Craycroft Road, Pima County, Arizona. The land had a frontage on the Tucson-Benson Highway of approximately 170 feet and a frontage on Craycroft Road of approximately 308 feet. Defendant's property adjoined the Raymond D. Thelbergs' property on the west. The State deemed

it necessary to condemn .25 of an acre thereof for frontage road purposes.

The decision, on rehearing, in State ex rel. Morrison v. Thelberg, Ariz., 1960, 350 P.2d 988, was handed down April 6, 1960. The facts in the Thelberg case are identical with the facts in the instant case except that the Thelberg property was being used for the operation of a motel and their residence was located thereon, and defendant's land was unimproved. The area of land condemned for frontage road purposes was practically the same and access for both east and west travel was identical. The questions of law determined in the Thelberg case are exactly the same as involved in this case. Therefore, we deem it unnecessary to further lengthen this opinion by repetition of facts or statements of law.

The trial court made findings of fact and conclusions of law which, insofar as pertinent, are that on March 8, 1957, defendant was the owner of the property condemned which is a portion of a larger tract owned by her; that it was zoned for CB-2 business and that the highest and best use to which it could then be put was a service station, cafe or motel; that on that date she had direct access to the old conventional Tucson-Benson Highway from her property; that after the taking of the portion condemned her only access would be by means of the frontage road for which the property was condemned which is a one-way road for westbound traffic; that after the taking of the property condemned the highest and best use to which her remaining property can be put would be for residential purposes only; that the value of the property before the taking was $12,500; that the value of .25 of an acre sought to be condemned was $2,500; that the damage to the remaining property after the taking was $7,000, and the value of the remaining property after the taking was $3,000.

The witnesses, both for the State and defendant, were virtually in accord on their appraisal value of the property before the taking of the portion condemned and also on the value of the property condemned. They also agreed as to the highest and best use to which it could be put before the taking. There is a sharp conflict however as to the severance damage to the remaining portion of the owner's property and the highest and best use to which it could be put after the taking. This being true, we are bound by the findings of the trial court as there is ample evidence to support its findings and judgment. The same measure of damages and the same factors were considered by the trial court in fixing the award for damages as were employed in the Thelberg case, supra, and the same rules of law and authorities cited therein are applicable here as in that case.

Judgment affirmed.

STRUCKMEYER, C. J., and UDALL, JOHNSON, and BERNSTEIN, JJ., concurring.